[Civ. No. 6113.    Third Appellate District.—May 23, 1939.]

J. H. AGNEW et al., Respondents, v. OSCAR WENSTRAND et al., Appellants.

Gilbert Moody for Appellants.

T. B. Scott for Respondents.

PULLEN, P. J.—This appeal is from a judgment in favor of plaintiffs awarding them damages for the death of a minor son.

In August, 1936, Oscar Wenstrand was the owner of a small truck and appellant Harold Wenstrand was the owner of a piano weighing some 800 pounds. Oscar Wenstrand was about 63 years of age and the father of Harold Wenstrand, 35 years of age. On the day in question Harold Wenstrand, with the help of Oscar Wenstrand, was moving his household goods from one home to another, about three miles distant. In the course of moving, Harold Wenstrand went to the home of Harold Agnew, a high school student of the age of about 18 years, and asked if he would help him move an upright piano from the porch to the truck of Oscar Wenstrand. Harold Agnew assented, and the three proceeded to place the piano on the truck. After the piano was on the truck Wenstrand, Sr., said to his son Harold: "Well, don't you think it would be better if he (Agnew) would go with us and help us unload?" To which Harold replied, "I have a man there that will help us unload." "Well," said Wenstrand, Sr., "if that is all right it is all right with me. If he doesn't want to go along it is all right." To which implied invitation Harold Agnew replied, "Why, sure I will go along," and took his place on the truck. Mr. Wenstrand, Sr., took his place as driver of the truck, and also in front with him was Vincent Agnew, a brother of Harold; Wenstrand, Jr., and Harold both took their places on the truck near the piano. After proceeding about three miles, in making a turn into a dirt road, the piano, Harold Agnew and Harold Wenstrand were in some manner thrown from the truck; Harold Agnew was struck by the falling piano and later died from the injuries so received.

The complaint charges negligence against the two Wenstrands in failing to tie the piano to the truck and in the manner of driving the truck. The answer denied any negligence and pleaded contributory negligence and unavoidable accident. Judgment, however, was entered in favor of plaintiffs, the father and mother of the deceased boy, from which judgment this appeal is taken upon the ground that the judgment is not supported by the evidence.

The court found that the defendants Wenstrands requested Harold Agnew, the deceased, to help them load said piano, and also requested said Harold Agnew to help transport said piano, which was on casters and not fastened to any part of the motor vehicle, and that the death of said Harold Agnew was due to the negligence of defendants and each of them in the operation of the motor vehicle, and in the transportation of the piano.

▮ The principal charge of negligence is that the piano, which stood some 55 inches above the floor of the truck and filled practically the entire truck bed, was not tied in some way to the truck. Vincent Agnew testified that after the truck was loaded Wenstrand, Sr., said to Harold Agnew, "You will have to keep it from rolling around; some one will have to hold the piano; you will have to hold the piano."

There was testimony in the record that at the point where the piano fell from the truck there were holes in the road several inches deep, and at the time of the accident the truck was traveling from ten to fifteen miles an hour. The record also discloses that Harold Agnew said to the driver as they approached the point where the accident occurred, "slow down at this corner", but deceased's warning apparently was not obeyed. There may be some doubt as to whether or not the testimony of ten or fifteen miles an hour was fixed as at the point of the accident, but there is testimony that the car was going five miles an hour, and the court was within its power in finding that even that speed was too great under all the circumstances here existing.

▮ Appellants urge that Harold Agnew was a volunteer, and, without direction from anyone, assumed his place on the truck between the piano and the sideboard, and also that he made no effort himself to fasten the piano on the truck. There is testimony, however, that Wenstrand, Sr., impliedly invited Agnew to accompany them on the truck and also instructed him as to his duties there.

While it is true that young people as well as adults must use that degree of prudence and discretion which persons of their age ordinarily have, we have here a situation of an older man's directing an inexperienced boy to assume a particular duty in regard to moving a piano, and under all the circumstances the court was justified in finding that the minor was not a volunteer nor guilty of contributory negligence.

In view of all the facts the court was warranted in finding that both appellants were guilty of negligence in failing to properly secure the piano on the truck, and Oscar Wenstrand in carelessly and negligently driving the truck around the corner where the accident occurred.

The judgment is affirmed.

Tuttle, J., and Thompson, J., concurred.